The Honorable Cody Carpenter Scott County Sheriff and Collector 190 W. 1st Street, Suite 14 Waldron, Arkansas 72958
Dear Sheriff Carpenter:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105 (c)(3)(B) (Supp. 2005), for an opinion on whether your decision to release certain personnel records, including timesheets of a former chief deputy tax collector, is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 2002 and Supp. 2005). Specifically, you note that a media representative has requested "all records relating to the Sheriff's Office/Scott County's independent review of the timesheets handled by [a] former Scott County Chief Deputy . . . and to all [her] personnel records. . . ." You have enclosed copies of the time sheets in question with your request. You state that it is your decision that the timesheets should be released. Additionally, you state that you "have also enclosed the contents of . . . [the] personnel file" and that it is your decision as custodian that the contents of this file should be released. You have asked for my opinion under A.C.A. § 25-19-105(c)(3)(B), as to whether your decision is consistent with the FOIA.
RESPONSE
It is my opinion that your decision is consistent with the FOIA, except for one document which is properly classified as an "employee evaluation or job performance record." It is not subject to release under the applicable facts.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the subject of the request is a county employee, I believe documents containing the requested information clearly qualify as "public records" under this definition. As my predecessor noted in Op. Att'y Gen. No. 1999-305, "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law."Id. at 2.
A number of exceptions are contained in the FOIA, including some applicable to employed-related records. Records maintained with regard to a public employee's employment typically comprise either "personnel records" or "employee evaluation/job performance records" within the meaning of the FOIA. It is important for the custodian of the records to classify the records correctly because the standards for releasing these two types of records differ.
Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. See, e.g., Ark. Ops. Att'y Gen. 2006-035; 2004-178; 2003-336; 2003-055; 2002-085; 2001-154; and 1999-147.
With regard to "personnel records," A.C.A. § 25-19-105 states that such records are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12) (Supp. 2005).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial.Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
A number of documents contained in personnel files are typically releasable under this standard, with appropriate redactions.See Ops. Att'y Gen. 2005-268; 2005-011; and 2004-058.
Similarly, the FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ark. Ops. Att'y Gen. 2006-035; 2005-030; 2004-211; 2003-073; 1998-006; 1997-222; 1995-351; 1994-306; and 1993-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen. 2004-012. Documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g.,
Ops. Att'y Gen. 2006-035; 2003-078; 2001-203; 1999-147; 1993-105; 1993-055; 1992-231; and 1991-324.
"Employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
Turning now the records at issue in your request, I and my predecessor have opined that "time sheets" of public employees are "personnel records" for purposes of the FOIA and are generally open to public inspection and copying under the A.C.A. § 25-19-105(b)(12) standard. See e.g., Op. Att'y Gen. 2003-115
(stating that ". . . time sheets are in my opinion generally open to public inspection and copying, again, with the social security number redacted.") See also, Op. Att'y. Gen. 2002-238 (stating that under A.C.A. § 25-19-105(b)(12), "there would be little privacy interest in time records/sheets," quoting Op. Att'y. Gen. 2002-150). In my opinion, therefore, your decision to release the requested "time sheets" is consistent with the FOIA.
You also state that it is your decision to release the contents of the "personnel file" of the affected employee. You have enclosed a few documents in addition to the time sheets in this regard. The documents do not appear to encompass the typical gamut of records contained in personnel files, however. It may be that additional employment-related documents in this regard are maintained by the county clerk. In any event, it is my sole duty under A.C.A. § 25-19-105(c)(3)(B) to determine whether the records at issue are exempt, not to determine whether you have selected the appropriate responsive documents. See Op. Att'y Gen. 2006-158, (stating that "I am authorized only to review your determination regarding what documents are subject to release, not to advise you in your initial selection of responsive documents"). See also, Ops. Att'y Gen. 2006-163 and 2005-175.
The documents you have provided in addition to the time sheets are in my opinion "personnel records," open to public inspection and copying with one exception. One undated and unsigned memorandum entitled simply "Scott County Sheriff's Office" is in my opinion an "employee evaluation and job performance record" for purposes of the FOIA. This document appears to meet the definition of an "employee evaluation and job performance record" as set out above, and it appears that the three-pronged test set out above for the release of such records has not been met in this instance. As I stated in Op. Att'y Gen. 2005-202, "A threshold requirement for release of such records is a suspension or termination of the employee in question." Id. at 3, citing
Op. Att'y Gen. 2001-125. It does not appear from the records you have enclosed that this first prong of the test has been met. In my opinion, therefore, this document is not subject to disclosure. Otherwise, your decision in with regard to the enclosed documents is consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh